United States District Court
Southern District of Texas
**ENTERED**
October 03, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ABEL ALFRED MCVAY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2569 |
| | § | |
| HARRIS COUNTY JAIL, *ET AL.*, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER OF DISMISSAL**

Abel Alfred McVay, who states that he is a pretrial detainee in custody of the Harris County Jail, filed this *pro se* section 1983 lawsuit.  He claims that he has been in pretrial detention since 2013 for misdemeanor assault charges, and that his incarceration constitutes false imprisonment. He further claims that the statute of limitations on the charged offense expired in 2015 without his being indicted.  As judicial relief, plaintiff seeks dismissal of all pending criminal charges against him and his release from jail.

Because plaintiff seeks dismissal of all charges and his immediate release from pretrial detention, the Court construes this lawsuit as a habeas proceeding brought pursuant to section 2241.  However, a review of public court records for the Texas Court of Criminal Appeals shows that he has not exhausted his state court remedies. Exhaustion of a pretrial detainee's habeas claims in state court is required before the claims may be pursued in federal court.  *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (holding pretrial inmate pursuing relief under section 2241 is required to

exhaust state court remedies).  In order to satisfy the exhaustion requirement, plaintiff in this case must present his claims to the state's highest relevant court – the Texas Court of Criminal Appeals – in a procedurally proper manner.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).  Plaintiff has not presented his instant claims to the Texas Court of Criminal Appeals in a procedurally proper manner, and this case must be dismissed without prejudice for failure to exhaust.

The Court notes that, despite plaintiff's allegations to the contrary, state court records show that he was convicted of assault with bodily injury in 2013 and sentenced to five years' incarceration.  *State v. McVay*, Cause No. 1372812, 185th District Court of Harris County, Texas.  Whether he is currently in custody as a pretrial detainee or as a convicted prisoner, plaintiff has not exhausted his state court remedies as to his habeas claims and the Court must dismiss this lawsuit.

This case is DISMISSED WITHOUT PREJUDICE for failure to exhaust.  Any and all pending motions are DENIED AS MOOT.  To the extent necessary, a certificate of appealability is DENIED.

Signed at Houston, Texas on October 3, 2016.

_____

Gray H. Miller
United States District Judge